TUCKER v. GANT et al.

No. 32539. May 27, 1947.

Rehearing Denied Oct. 7, 1947.

*185 P. 2d 205.*

234

Earl Q. Gray and J. M. Poindexter, both of Ardmore, for plaintiff in error.

Ezra Dyer, of Ardmore, for defendants in error.

DAVISON, V.C.J. This is an action wherein plaintiffs seek to recover from defendant, as cosurety, his proportionate part of the joint loss paid by plaintiffs. The facts are stipulated.

One Wolverton, in order to engage in business as a securities dealer, was required by statute to make a $5,000 surety bond. The bond was executed by a surety company, only after the execution of a contract, whereby defendant and the four original plaintiffs herein jointly and severally agreed to save said surety harmless from every claim, demand and liability growing out of the execution of the statutory bond. This contract was signed by these five men, but following the signature of defendant was the notation, "$1,000.00 liability limit."

A loss of $2,344.16 was suffered by the surety company which was paid by the four original plaintiffs, and this action was brought seeking recovery from defendant of one-fifth of the loss sustained. Judgment was for plaintiffs, and defendant appeals.

Defendant's theory is that he is liable for only one twenty-first of the loss, which amount he tendered into court. His reasoning is that the surety company could have sued any one of the other four sureties individually for the full amount of the bond, $5,000, but could have sued the defendant alone for only $1,000. That in this manner the individuals were severally bound for a total of $21,000, of which defendant was bound for only one twenty-first part. He relies upon the rule stated in 50 Am. Jur. 1088:

"The general rule is that cosureties who are bound in different amounts must indemnify each other in proportion to the amount for which each stands bound; and if the liability has been created by separate instruments and in different amounts, the sureties on all such obligations must, as between themselves, contribute in proportion to the penalties of their respective obligation. . . ."

For the purpose of this opinion we assume that defendant is correct in his argument that the wording of the contract limits his liability to $1,000. In the cases cited by defendant the surety was held liable for that proportion of the loss which his individual liability bore to the total liability of all sureties.

The fallacy in defendant's argument is that the obligee herein could, if the loss was sufficient, collect $5,000 from A, or B, or C or D, the other obligors, rather than $5,000 from A and B and C and D. If we follow his reasoning in a case where the loss was $5,000, the entire amount of the contract, then he would be liable for one twenty-first thereof, or $238.09, and his liability limit could never be reached.

In the early cases the sureties on separate bonds for the same principal, with reference to the same transaction, were held, in equity, to be cosureties, the same as though signing the same bond, "with this difference only, that the sums in each instrument ascertain the proportions, whereas if they are all joined in the same engagement they must all contribute equally." 1 Brandt, Suretyship & Guaranty (3rd Ed.) § 281. Subsequently, cosureties in the same bond were held liable for contribution in different amounts where there was an agreement between them to that effect. This is the law today.

In Rose v. Wollenberg, 36 Ore. 154, 59 P. 190, plaintiff wrote after his signature "$10,000.00" and defendant wrote "$20,000.00" after his, on the principal's official bond for $30,000. Upon default of the principal, plaintiff and defendant were compelled to pay the loss in equal amounts. In a suit by plaintiff for contribution for an amount in excess of the one-third of the amount of default, the court in denying plaintiff's right to such contribution, said that liability of each surety to the obligee should not be confused with "the existence or non-existence of a contract modifying or changing the ordinary rule of contribution between sureties". It was therein held that there was insufficient proof of an implied contract to vary the rule of prorata contribution between sureties.

In Williams v. Riehl et al., 127 Cal. 365, 59 P. 762, relied on by defendant, the bond was for $25,000. One surety signed for $25,000 and six others for $5,000 each. The court held them liable for contribution in the proportion which each individual amount bore to the total amount signed for. Therein the amount for which each was surety could have been inserted only for the purpose of showing their mutual agreement for contribution, because the total of such amounts was in excess of twice the

penalty of the bond. This is distinguishable from the Oregon case, supra, in which the court held that the insertion of the individual amount after each surety's name indicated his attempted limitation of liability to the obligee, and not his agreement with the other surety, as to rate of contribution. The court further said that proof of such agreement was competent, but the wording of that bond was not in itself sufficient to discharge the burden placed upon the defendant of proving the same.

In the present case no testimony was offered to show any agreement between the sureties as to the amount of their liability to each other in respect to contribution. The bond itself shows that the signature of the defendant is the last one on the bond. There is no evidence that any of the other sureties even knew of defendant's attempted limitation of liability. Our interpretation of the bond, in the absence of evidence to prove an agreement between the sureties as to liability between themselves, is that the defendant inserted the words "$1,000.00 liability limit" after his name, not for the purpose of showing an agreement between himself and the other cosureties, but to limit his liability to the obligee to that amount. Under the facts in the present case the attempted limitation by defendant would have been effective as between himself and the obligee, but is ineffective as between him and his cosureties.

The defendant did not discharge the burden placed upon him of proving an agreement with the other sureties to pay less that his prorata part of the loss sustained. The wording of the bond, standing alone, is insufficient.

The judgment is affirmed.

OSBORN, CORN, GIBSON, and ARNOLD, JJ., concur. HURST, C.J., and RILEY and BAYLESS, JJ., dissent.